UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

STEPHEN SILVESTRI,

                                      Plaintiff,

    -against-

CITY OF NEW YORK, MICHAEL PELLEGRINO, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                      Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

Plaintiff STEPHEN SILVESTRI, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff STEPHEN SILVESTRI is an eighteen-year-old male resident of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MICHAEL PELLEGRINO and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On November 14, 2022, beginning at approximately 6:30 a.m., plaintiff, who was only seventeen years old, was unlawfully arrested in his home, located at 42-07 217th Street, Bayside, New York, based on a faulty investigation conducted by NYPD officers including, without limitation, defendant MICHAEL PELLEGRINO.

13. During the arrest, plaintiff's family provided exculpatory video, text message, and location tracking evidence which cast further doubt on defendant PELLEGRINO's investigation and confirmed that probable cause was lacking to arrest plaintiff.

14. Despite this, PELLEGRINO continued plaintiff's arrest.

15. Plaintiff was handcuffed and imprisoned in a police vehicle and transported to the 111th Police Precinct and imprisoned therein.

16. The defendant officers continued to imprison plaintiff until his arraignment in Queens County Criminal Court on baseless charges filed under docket number FYC-73436-22QN, said charges having been filed based on the false allegations of, without limitation, defendant officer PELLEGRINO.

17. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause.

18. Defendant police officers created and manufactured false evidence which defendant PELLEGRINO conveyed to the Queens County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding, including, upon information and belief, withholding exculpatory information known to him and creating and manufacturing an unreliable photo array identification.

19. As a result of the defendants' conduct, plaintiff was released on probation, his

3

liberty was restricted, and he was compelled to attend classes and probationary checks, and return to court on numerous occasions until May 16, 2023, when the Queens County District Attorney's Office moved to dismiss all charges against plaintiff.

20. Defendants MICHAEL PELLEGRINO, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

21. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of inadequate investigation of crimes and falsification of evidence.

22. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of falsification to justify unlawful arrests.

23. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

24. Defendant CITY OF NEW YORK is further aware that such improper training

has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff STEPHEN SILVESTRI of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30. As a result of the foregoing, plaintiff STEPHEN SILVESTRI sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against the Individual Defendant Officers)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendant officers arrested plaintiff STEPHEN SILVESTRI without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33. Defendant officers caused plaintiff STEPHEN SILVESTRI to be falsely arrested and unlawfully imprisoned.

34. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983 against the Individual Defendants Officers)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants initiated, commenced and continued a malicious prosecution against plaintiff STEPHEN SILVESTRI.

37. Defendants caused plaintiff STEPHEN SILVESTRI to be prosecuted without any probable cause until the charges were dismissed on or about May 16, 2023.

38. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THRID CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against the Individual Defendant Officers)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendant officers created false evidence against plaintiff STEPHEN SILVESTRI and withheld exculpatory evidence.

41. Defendant MICHAEL PELLEGRINO utilized this false evidence against plaintiff STEPHEN SILVESTRI in legal proceedings.

42. As a result of defendants' creation and use of false evidence and withholding of exculpatory evidence, which defendant MICHAEL PELLEGRINO conveyed or failed to convey to the Queens County District Attorney's Office plaintiff STEPHEN SILVESTRI suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

43. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individual Defendants Officers)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants had an affirmative duty to intervene on behalf of plaintiff STEPHEN SILVESTRI, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff STEPHEN SILVESTRI was falsely arrested, he was denied his right to a fair trial, and maliciously prosecuted.

48. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against the Individual Defendant Officers)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully arresting individuals based on inadequate and faulty investigations and then manufacturing evidence and otherwise engaging in falsification to justify said arrests, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff STEPHEN SILVESTRI'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff STEPHEN SILVESTRI.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff STEPHEN SILVESTRI as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff STEPHEN SILVESTRI as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff STEPHEN SILVESTRI was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff STEPHEN SILVESTRI'S constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff STEPHEN SILVESTRI of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from malicious prosecution;

    C. To receive a fair trial; and

    E. To be free from the failure to intervene.

61. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

64. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66. Plaintiff has complied with all conditions precedent to maintaining the instant action.

67. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff STEPHEN SILVESTRI.

70. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

71. Defendants caused plaintiff STEPHEN SILVESTRI to be prosecuted without probable cause until the charges were dismissed on or about May 16, 2023.

72. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff STEPHEN SILVESTRI.

75. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

76. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Upon information and belief the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

79. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Plaintiff STEPHEN SILVESTRI's constitutional rights were violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

82. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

83. Qualified immunity is no defense to this claim.

84. As a result of the foregoing, plaintiff STEPHEN SILVESTRI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff STEPHEN SILVESTRI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 14, 2024

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff STEPHEN SILVESTRI
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By: *Brett Klein*
>     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

STEPHEN SILVESTRI,

                                                      Plaintiff,

      -against-

CITY OF NEW YORK, MICHAEL PELLEGRINO, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                   Defendants.

---------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132